PAUL HENRY NATHAN SBN 262697
**LAW OFFICES OF PAUL H. NATHAN**
540 Pacific Ave.
San Francisco CA 94133
Phone (415) 341-1144
Fax (415) 341-115
paulnathan@nathanlawoffices.com

Attorney for Plaintiff:
SCOTT C. BORISON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT C. BORISON, | Case No.: 3:15-cv-3775 |
| Plaintiff, | **CLASS COMPLAINT FOR DAMAGES** |
| vs. | JURY TRIAL DEMANDED |
| PURCO FLEET SERIVCES, INC., and DOES 1-10. | |
| Defendants. | |

## I. INTRODUCTION

1. Scott C. Borison is a resident of California. In 2014 he rented a vehicle from Alamo Car Rental in Wyoming. The vehicle was retuned. After the vehicle was returned, Alamo complained about a tire on the rental vehicle. Alamo hired the debt collector, PurCo Fleet Services, Inc. (Purco) to collect an amount claimed to be due for (i) a replacement tire, (ii) loss of use of the vehicle based on a daily rate that was more than the daily rental rate quoted for the rental, and (iii) an administrative fee base don a schedule created by Purco.

2. The first contact by Purco was a phone call on August 20, 2014. The phone call was made to Mr. Borison's cell phone. Mr. Borison returned the call but did not speak to anyone at Purco.

3. Purco did not send any written communication within five days of this initial contact.

4. Mr. Borison did not have any other communication form Purco until a letter dated October 29, 2014.

5. In that letter, Purco demanded payment of loss of use based on a daily rate and an administrative fee based on a schedule provided by Purco.

6. In response to the October 29, 2014 communication, Mr. Borison disputed the debt.

7. The Fair Debt Collections Practices Act requires a debt collector to provide a written notice setting forth details of the debt claimed to be owed. See 15 U.S.C.A. § 1692g (a).

8. The California Rosenthal Act mandates compliance with § 1692g of the FDCPA. § 1788.17.

9. When the Defendant's failure to comply with § 1692g (a) was raised, Purco contended that it was not required to comply with the FDCPA based on a decision by a Colorado Court in *PurCo Fleet Services, Inc. v. Koenig,* 240 P.3d 435 (Co. Ct. App. 2010). In that case, the Court did not address whether or not Purco was required to comply with the FDCPA but only that Purco was not required to obtain a license under Colorado law.

10. The only relevance of the *PurCo Fleet Services, Inc. v. Koenig, supra,* is that Purco was on notice that (i) it was improper for Purco's to demand a renter to pay a daily rental rate because any claim relating to loss of use had to be limited to lost profits and not a daily rental amount and (ii) that it could not improvise an administrative fee to be charged when the rental contract did not set forth an amount.

11. Despite Purco's notice and knowledge in 2010 that demanding a daily rental rate and an administrative fee, Purco included demands for this amounts in a demand sent in 2014.

12. Purco did not single out Plaintiff in any way. Purco regularly fails to comply

1

with 15 U.S.C.A. § 1692g and makes demands for charges that are no legally enforceable or due.

## II. JURISDICTION AND PARTIES

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. §1331, 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

14. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

15. Scott C. Borison ("Mr. Borison" or "Plaintiff") is a resident of San Mateo County.

16. Purco is a Utah corporation, ("Purco or Defendant") with a principal place of business located at 136 S. Main St., Spanish Fork UT 84660 and who regularly engages in the business of collecting debts owed to third parties. Defendant uses the mail and phone to regularly attempt to collect debts alleged to be due another.

17. Although not named as party in this complaint, the entity that Purco was collecting for is known as Alamo Rent a Car, a brand of Enterprise Holdings, a St. Louis based entity.

18. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

19. At all relevant times, the conduct of each defendant named above, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and

1  state laws and the rights of Mr. Borison and the class of persons defined below.

2      20.    At all times mentioned herein, each defendant and employee of defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiff. Defendant approved, authorized and/or ratified the wrongful acts and omissions herein.

### III. CLASS ALLEGATIONS

21.    The Plaintiff defines the class as all persons within the United States the Defendant contacted in the one (1) year period preceding the filing of this complaint to collect a debt owed to another. This class is referred to as the FDCPA CLASS.

22.    The Plaintiff further defines a Second Class as all persons who resided in the State of California the Defendant contacted in the two (2) year period preceding the filing of this complaint to collect a debt owed to another. This class is referred to as the CALIFORNIA CLASS.

23.    The FDCPA CLASS includes a sufficient number of persons to meet the numerosity requirement under Federal Rule 23 (a).

24.    Upon information and belief, the FDCPA CLASS includes hundreds if not thousands of persons.

25.    The CALIFORNIA CLASS includes a sufficient number of persons to meet the numerosity requirement under Federal Rule 23 (a)

26.    Upon information and belief, the CALIFORNIA CLASS includes hundreds if not thousands of persons.

27.    There are common questions for the FDCPA CLASS including (a) Whether the

Defendant's failure to send a timely written notice violates the FDCPA; (b) Whether the Defendant's demand for an administrative fee based on its schedule of fees violates the FDCPA; (c) Whether the Defendant's demand for a daily rental fee violates the FDCPA.

28. There are common questions for the CALIFORNIA CLASS including whether the Defendant's violations of the FDCPA establish a violation of California's Rosenthal Act?

29. The Plaintiff falls within the definition of the FDCPA CLASS. He has the same claims as the members of the class. He meets the typicality requirement of Rule 23 (a).

30. The Plaintiff falls within the definition of the CALIFORNIA CLASS. He has the same claims as the members of the class. He meets the typicality requirement of Rule 23 (a).

31. Plaintiff and his counsel do not have any antagonistic interests to the remaining members of the FDCPA CLASS.

32. Plaintiff and his counsel do not have any antagonistic interests to the remaining members of the CALIFORNIA CLASS.

33. The Defendant's practices of demanding amounts not legally due can be resolved through entry of a declaratory judgment and corresponding injunctive relief. Certification of a class under Rule 23(b)(2) is appropriate for the FDCPA CLASS and CALIFORNIA CLASS.

34. The Defendant is liable for statutory and compensatory damages.

35. The predominant issues in this case are the common issues identified by the Plaintiff above.

36. A class proceeding is superior to other methods of obtaining relief for class members. The potential recovery for each class member may not justify the filing of an individual action.

37. This is an appropriate forum to litigate the claims on behalf of the class.

38. Certification of a class under Rule 23(b)(3) is appropriate for the FDCPA CLASS and CALIFORNIA CLASS.

**FIRST CLAIM FOR RELIEF**
**CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT**
**INDIVIDUALLY AND ON BEHALF OF THE CALIFORNIA CLASS**

1. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

2. Defendant regularly collects debts owed to third parties and uses the mail and telephones to collect on debts. Defendant is a debt collector as defined by Civ. Code §1788.2(c).

3. Defendant was attempting to collect a consumer debt as defined by Civ. Code § 1788.2(f). The acts and practices taken by Defendant described herein is "debt collection" as defined by Civ. Code §1788.2(c).

4. Defendant violated Civ. Code §1788.17, which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §1692b to §1692j of 15 U.S.C. §1692.

5. Defendant's acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the Civ. Code §1788 *et.seq.*, including but not limited to the violations of; 1788.11(b), 1788.11(d), 1788.11(e), 1788.13(a), amongst others.

6. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**
**INDIVIDUALLY AND ON BEHALF OF FDCPA CLASS**

7. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

8. Plaintiff is a "consumer" who allegedly owes a debt within the meaning of 15 U.S.C. §1692a(3). Defendant regularly attempts to collect consumer debts on behalf of another and it is a "debt collector" as those terms are defined at 15 U.S.C. § 1692a.

9. All of the letters, telephone calls and telephone messages as described above are

"communications" within the meaning of 15 U.S.C. § 1692a.

10. Defendant's acts and omissions, and course of conduct as more fully described above constitute numerous and multiple violations of the FDCPA, 15 U.S.C. §1692 *et.seq.*, including but not limited to the violations of; 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f.

11. Plaintiff and the Class are entitled to actual and statutory damages, pursuant to 15 U.S.C. § 1692k. Defendant has frequently and persistently failed to comply with the FDCPA and has violated the FDCPA intentionally. The nature of the acts and omissions justifies the maximum statutory damages award available.

12. Plaintiff is entitled to the costs of the action, together with reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the FDCPA CLASS under Rule 23(b)(2) and (3);
2. Certification of the CALIFORNIA CLASS under Rule 23(b)(2) and (3).
3. For compensatory, actual damages, statutory damages and punitive damages pursuant to Civ. Code §3294 for the CALIFORNIA CLASS;
4. For statutory and actual damages pursuant to Civil Code §§1788.17 and 1788.30 for the CALIFORNIA CLASS;
5. Treble damages pursuant to Civ. Code §3345 for the CALIFORNIA CLASS;
6. For actual and statutory damages under 15 U.S.C § 1692k for the FDCPA CLASS;
7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to the Civ. Code §1788 *et.seq.* and 15 U.S.C. §1692 *et.seq.*
8. For prejudgment interest to the extent permitted by law; and
9. For such other and further relief as the Court may deem just and proper.

//

Respectfully submitted,

/s/ Paul H. Nathan
PAUL HENRY NATHAN CASBN 262697
LAW OFFICES OF PAUL H. NATHAN
540 Pacific Ave.
San Francisco CA 94133
Phone (415) 341-1144
Fax (415) 341-115
paulnathan@nathanlawoffices.com

TYLER B. AYRES (Pro Hac Vice to be filed)
AYRES LAW FIRM
12339 South 800 East, Suite 101
Draper, Utah 84020
(801) 255-5555 Phone
(801) 255-5588 Fax
Tyler@AyresLawFirm.com

Attorneys for the Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Scott C. Borison hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Paul H. Nathan
_____
Paul H. Nathan