```
                                            PAGES 1 - 10

                     UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

SCOTT BORISON,                   )
                                 )
          PLAINTIFF,             )   NO. C-15-3775 YGR
                                 )
  VS.                            )   MONDAY, DECEMBER 7, 2015
                                 )
PURCO FLEET SERVICES, INC.,      )   OAKLAND, CALIFORNIA
                                 )
                                 )   INITIAL CASE MANAGEMENT
                                 )
          DEFENDANT.             )
_____)
```

**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>

**APPEARANCES:**

| | |
|---|---|
| **FOR PLAINTIFF:** | LAW OFFICES OF PAUL H. NATHAN<br>540 PACIFIC AVENUE<br>SAN FRANCISCO, CALIFORNIA 94133<br>BY: PAUL H. NATHAN, ESQUIRE |
| **FOR DEFENDANT:** | CHRISTIANSEN LAW, PLLC<br>311 S. STATE STREET, STE. 250<br>SALT LAKE CITY, UTAH 84111<br>BY: STEPHEN CHRISTIANSEN, ESQUIRE |
| **REPORTED BY:** | DIANE E. SKILLMAN, CSR 4909, RPR, FCRR<br>OFFICIAL COURT REPORTER |

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

| | |
|---|---|
| 1 | MONDAY, DECEMBER 7, 2015                          2:51 P.M. |
| 2 | P R O C E E D I N G S |
| 3 | **THE CLERK:** WE WILL DO BORISON VERSUS PURCO FLEET. |
| 4 | CALLING CIVIL ACTION 15-3775 BORISON VERSUS PURCO FLEET |
| 5 | SERVICES. |
| 6 | COUNSEL, PLEASE STATE YOUR APPEARANCES. |
| 7 | **MR. NATHAN:** GOOD AFTERNOON, YOUR HONOR. PAUL NATHAN |
| 8 | FOR THE PLAINTIFF, SCOTT BORISON. |
| 9 | **MR. CHRISTIANSEN:** GOOD AFTERNOON, YOUR HONOR. |
| 10 | STEPHEN CHRISTIANSEN ON BEHALF OF DEFENDANT, PURCO FLEET |
| 11 | SERVICES, INC. |
| 12 | **THE COURT:** $423.40; THAT'S WHY WE'RE HERE. |
| 13 | **MR. NATHAN:** WE ARE HERE BECAUSE OF THE FAIR DEC -- |
| 14 | THE FEDERAL FAIR DEC CONSUMER PROTECTION ACT. |
| 15 | **THE COURT:** TELL ME HOW IS IT THAT THIS PARTICULAR |
| 16 | PLAINTIFF SUFFERED PHYSICAL AND EMOTIONAL ENERGY, INCLUDING |
| 17 | EMOTIONAL DISTRESS, INCLUDING ANXIETY, DIARRHEA, |
| 18 | SLEEPLESSNESS, FRUSTRATION, DEPRESSION, HEADACHES, |
| 19 | STOMACHACHES, CRYING SPELLS, HUMILIATION, ANGER, NERVOUSNESS, |
| 20 | AND FAMILY STRIFE OVER $423.40. |
| 21 | **MR. NATHAN:** YOUR HONOR, THAT'S WHAT DISCOVERY IS |
| 22 | FOR. BUT I CAN TELL YOU -- I MEAN, I HAVE HANDLED ANOTHER ONE |
| 23 | OF THESE CASES WHERE IT WAS OVER $700. |
| 24 | **THE COURT:** YOU HAVE RULE 11 OBLIGATIONS. YOU TELL |
| 25 | ME HOW IT IS YOU CAN PUT THIS IN A STATEMENT IN GOOD FAITH |

```
 1   WITH A STRAIGHT FACE TO ME.  TELL ME.  WHAT IS IT YOU KNOW
 2   ABOUT THIS PLAINTIFF THAT SUBSTANTIATES YOUR ABILITY TO WRITE
 3   THIS IN A STATEMENT.
 4           MR. NATHAN:  THIS IS WHAT MY CLIENT HAS TOLD ME.  I
 5   DON'T WANT TO GO INTO ATTORNEY-CLIENT PRIVILEGE, BUT --
 6           THE COURT:  HE'S GOING TO BE DEPOSED.
 7           MR. NATHAN:  YET.  HE WILL BE DEPOSED.
 8           THE COURT:  SO WHAT IS IT?  REALLY?  HE -- ALL OF
 9   THIS HAPPENED BECAUSE HE HAD A FLAT TIRE ON A CAR?
10           MR. NATHAN:  NO.  IT DIDN'T HAPPEN BECAUSE OF A FLAT
11   TIRE.  IT HAPPENED BECAUSE THE DEFENDANT WAS TOTALLY ILLEGAL
12   IN THE WAY THEY TRIED TO COLLECT ON AN ALLEGED DEBT HE DIDN'T
13   OWE AND THEY ARE NOT EVEN SUPPOSED TO PURSUE.
14           THE COURT:  HOW DO YOU KNOW THE PLAINTIFF?
15           MR. NATHAN:  HOW DO I KNOW THE PLAINTIFF?  THE
16   PLAINTIFF IS A FRIEND OF MINE AND A COLLEAGUE AND A WELL
17   RESPECTED COLLEAGUE IN THE LEGAL PROFESSION.
18           THE COURT:  SO IT'S A LAWYER?
19           MR. NATHAN:  YES.
20           THE COURT:  AND THIS LAWYER HAS -- IS ADMITTED TO
21   PRACTICE WHERE?
22           MR. NATHAN:  IN THE STATE OF CALIFORNIA.  AMONG OTHER
23   STATES, I'M SURE.
24           THE COURT:  WHAT DISCOVERY ARE YOU GOING TO NEED?
25           MR. NATHAN:  I WOULD LIKE TO HAVE AT LEAST ONE SET OF
```

```
 1   WRITTEN INTERROGATORIES, WHICH WILL PROBABLY -- THEY MIGHT
 2   STEM ANOTHER ONE.  DEPENDING ON THE PUNITIVE DAMAGES --
 3           THE COURT:  PUNITIVE DAMAGES?
 4           MR. NATHAN:  YOUR HONOR, THE FDCPA OUTLAWS THE
 5   CONDUCT THAT THE DEFENDANT ENGAGED IN.
 6           THE COURT:  WELL, ACTUALLY WE ARE NOT EVEN SURE IT
 7   APPLIES, RIGHT?  I STILL HAVE A 12(B)(6) MOTION ON FILE.
 8           MR. NATHAN:  SO THAT WAS GOING TO BE MY QUESTION.  DO
 9   YOU WANT US TO CONTINUE WITH DISCLOSURES AND DISCOVERY WHILE
10   THE 12(B)(6) --
11           THE COURT:  OVER $423?  YEP, I SURE DO.
12           MR. NATHAN:  OKAY.
13           THE COURT:  AND YOU'RE GOING TO HAVE A TRIAL DATE IN
14   ABOUT FOUR OR FIVE MONTHS.  WE ARE NOT GOING TO SIT AROUND ON
15   THIS THING.  SO YOU BETTER ALL MOVE PRETTY QUICKLY ON THIS.
16       IT WILL BE INTERESTING TO SEE THAT LAWYER TALK ABOUT ALL
17   OF THAT.
18       MR. CHRISTIANSEN, DID YOU READ THIS *CLEARY VERSUS HERTZ*
19   *RENT-A-CAR* OPINION FROM THE EASTERN DISTRICT OF PENNSYLVANIA?
20           MR. CHRISTIANSEN:  YES.  I WAS INVOLVED IN THAT CASE,
21   YOUR HONOR.
22           THE COURT:  WHY WOULDN'T I DO WHAT THAT JUDGE DID?
23           MR. CHRISTIANSEN:  YOUR HONOR, IN THIS CASE, BECAUSE
24   OF THE ALLEGATIONS AND THE WAY THAT THEY HAVE BEEN FRAMED,
25   EVERYTHING THAT THE COURT NEEDS TO BE ABLE TO DISPOSE OF THIS
```

|   |   |
|---|---|
| 1 | CASE ON A THRESHOLD BASIS IS BEFORE THE COURT. |
| 2 | **THE COURT:** HOW IS THAT CASE DIFFERENT?  SOUNDS |
| 3 | PRETTY SIMILAR BASED UPON THE OPINION THAT WAS ISSUED. |
| 4 | **MR. CHRISTIANSEN:** ONE OF THE CONCERNS THAT THE JUDGE |
| 5 | HAD IN THE EASTERN DISTRICT OF PENNSYLVANIA WAS THAT THE |
| 6 | MATERIALS WERE NOT BEFORE THE COURT. |
| 7 | IN THIS CASE, MR. BORISON HAS PLEADED SPECIFICALLY A |
| 8 | LETTER, AND THAT IS PART OF WHAT HAS BEEN SUBMITTED ON THE |
| 9 | 12(B)(6) MOTION, AND THAT'S BEFORE THE COURT, AND THE COURT |
| 10 | CAN MAKE THE DETERMINATION.  THE -- |
| 11 | **THE COURT:** IS THERE A SUMMARY JUDGMENT ISSUE TO END |
| 12 | THIS CASE?  THE ORDER THAT THEY PROVIDED A COPY OF WHICH TO ME |
| 13 | IS DATED JULY 2013.  HOW DID THE *CLEARY* CASE RESOLVE? |
| 14 | **MR. CHRISTIANSEN:** THE *CLEARY* CASE RESOLVED BY A |
| 15 | DISMISSAL BY THE PLAINTIFF ON A STIPULATION. |
| 16 | THE COURT'S VERY FAMILIAR WITH WHAT'S BEEN SUBMITTED, |
| 17 | OBVIOUSLY.  THE QUESTION, THE FOCAL POINT IS WHETHER THIS WAS |
| 18 | A DEBT THAT WAS IN DEFAULT AT THE TIME THAT IT WAS OBTAINED BY |
| 19 | PURCO.  AND THERE'S NO DISPUTE, BASED ON WHAT MR. BORISON HAS |
| 20 | ALLEGED, AND THIS IS THE BASIS FOR OUR MOTION, THAT THE FIRST |
| 21 | ATTEMPT TO MAKE ANY RECOVERY OF ANY AMOUNT OR TO QUANTIFY OR |
| 22 | TO ASSERT ANY AMOUNT CAME FROM PURCO. |
| 23 | **THE COURT:** WELL, I HAVE THE MOTION, I HAVE THE |
| 24 | OPPOSITION.  I'M AWAITING A REPLY.  WHY WAS THIS PUT ON |
| 25 | CALENDAR FOR HEARING IN MARCH? |

1    **MR. CHRISTIANSEN:** YOUR HONOR, IT WAS PUT ON CALENDAR
2    FOR HEARING IN MARCH BECAUSE WE ANTICIPATED SUBMITTING IN THE
3    ALTERNATIVE A MOTION FOR SUMMARY JUDGMENT; AGAIN, THE VERY
4    THING THAT THE *CLEARY* JUDGE HAD A CONCERN ABOUT.
5       WE WANTED TO MAKE SURE THAT THE COURT HAD BEFORE IT
6    MATERIALS THAT IT NEEDED SO THAT WE CAN RESOLVE THIS RIGHT OUT
7    OF THE CHUTES.  BECAUSE THERE -- ONCE THE COURT SEES THIS LAID
8    OUT, THE COURT WILL SEE THAT THERE SIMPLY WASN'T A DEBT IN
9    DEFAULT THAT WE'RE TALKING ABOUT HERE.
10       **THE COURT:** WELL, HOW DO YOU GET TO SUMMARY JUDGMENT
11    IF YOU HAVEN'T RESPONDED TO THE COMPLAINT?  IF YOU HAVEN'T
12    ANSWERED?
13       **MR. CHRISTIANSEN:** WE THINK BECAUSE THE RELEVANT
14    COMMUNICATIONS WERE BETWEEN THE PLAINTIFF DIRECTLY, WHO BY THE
15    WAY IS A CONSUMER PROTECTION PLAINTIFFS' ATTORNEY, BETWEEN HIM
16    AND PURCO THAT WE CAN TAKE FACTS THAT AREN'T IN DISPUTE
17    BECAUSE THOSE WERE THE ONLY TWO PARTIES INVOLVED, PUT THOSE
18    BEFORE THE COURT IN THE ALTERNATIVE TO THE 12(B)(6).
19       **THE COURT:** ALL RIGHT.  WELL, ARGUE THE MOTION.
20    ANYTHING TO ADD TO YOUR PAPERS?
21       **MR. NATHAN:** NO.  EVERYTHING IS IN OUR PAPERS.
22       **THE COURT:** YOU WANT TO -- I KNOW I'M EXPECTING YOUR
23    REPLY, BUT YOU MAY NOT GET ANY ORAL ARGUMENT ON THIS.
24       DO YOU WANT TO ADD ANYTHING ORALLY?
25       **MR. CHRISTIANSEN:** WHAT I WOULD SAY, YOUR HONOR, IS

1  THIS:  A DEBT CANNOT BE IN DEFAULT IF IT'S NEVER BEEN
2  ASSERTED.  SO PURCO, IN THE VERY FIRST INSTANCE, AS ALLEGED BY
3  THE PLAINTIFF, ASSERTED THE AMOUNT THAT WAS OWED IN THE LETTER
4  THAT IS ALLEGED TO BE THE PROBLEM.
5      AND SO THE CASE LAW SAYS THAT THERE HAS TO BE AT LEAST
6  SOME TIME PASS FROM THE TIME THAT A DEBT IS FIRST ASSERTED
7  BEFORE IT CAN BE IN DEFAULT.  NOW, THAT CAN VARY FROM CASE TO
8  CASE, BUT YOU ARE NOT IN DEFAULT AT THE END OF A CONTRACT
9  PERIOD WHEN YOU ARE TALKING ABOUT DAMAGES TO A CAR.
10     THE DAMAGES HAVE TO SOMEHOW BE QUANTIFIED AND THEY SOMEHOW
11 HAVE TO BE ASSERTED OR ALLEGED OR BILLED IN THIS CASE OR
12 DEMANDED OF THE CONSUMER BEFORE IT COULD EVER BE IN DEFAULT.
13 AND THAT'S ALLEGED TO BE FROM PURCO IN THE VERY FIRST
14 INSTANCE.  SO YOU SIMPLY DON'T HAVE A DEBT THAT'S IN DEFAULT
15 PERIOD.
16         **THE COURT:**  RESPONSE?
17         **MR. NATHAN:**  THAT'S ABSURD.  YOU WOULDN'T ATTEMPT TO
18 COLLECT ON SOMETHING THAT'S NOT OWED TO YOU.
19         **THE COURT:**  THERE'S A DIFFERENCE BETWEEN OWING A DEBT
20 AND BEING IN DEFAULT, ISN'T THERE?  THE WORD "DEFAULT" HAS
21 SOME KIND OF MEANING, DOESN'T IT?
22         **MR. NATHAN:**  YES.  THAT'S WHY HIS CLIENT WAS HIRED BY
23 ALAMO.  IT WAS BECAUSE THE DEBT WAS IN DEFAULT.  THE CAR WAS
24 RETURNED --
25         **THE COURT:**  I DON'T REMEMBER SEEING ANY

1   CORRESPONDENCE FROM HERTZ TO YOUR CLIENT.
2           **MR. NATHAN:** NO. BECAUSE THEY EVENTUALLY TURNED IT
3   OVER --
4           **THE COURT:** EVENTUALLY; WASN'T THIS WITHIN A COUPLE
5   OF MONTHS OF HAVING --
6           **MR. NATHAN:** YES.
7           **THE COURT:** -- RENTED THE CAR?
8           **MR. NATHAN:** YES. AND WHEN THE CAR IS RETURNED IS
9   WHEN YOU PAY FOR WHAT YOU OWE FOR THE DEBT.
10      WHEN YOU RENT A CAR, YOU PUT YOUR CREDIT CARD DOWN. WHEN
11  YOU RETURN THE CAR, YOU PAY WHAT YOU OWE ON IT. ANYTHING UP
12  AND OVER THAT IS A DEBT. AND THEY ARE CLAIMING THAT SOMETHING
13  WAS DAMAGED. AND THEY ATTEMPTED TO COLLECT -- THEY HIRED
14  PURCO TO ATTEMPT TO COLLECT ON IT.
15      WHAT THE DEFENSE IS BASICALLY ASSERTING IS MR. BORISON
16  WOULD NEVER IN ANY CHANCE OF THE WORLD HAVE ANY RECOURSE FOR
17  THEIR ACTIONS. AND IT'S ABSURD. THEY HAVE NEVER BEEN ABLE TO
18  PULL THIS OFF IN ANY OTHER COURT, AND THEY'RE JUST RECYCLING
19  THE SAME EXACT MOTION THEY HAVE FILED BEFORE.
20          **THE COURT:** DO YOU HAVE SOME OTHER ORDER THAT'S MORE
21  DISPOSITIVE THAN THE ONE THAT YOU ATTACHED, THIS *CLEARY* ONE?
22          **MR. NATHAN:** NO, BECAUSE THAT'S WHAT I COULD FIND IN
23  MY --
24          **THE COURT:** IF THEY KEEP RECYCLING THEM, HOW IS IT
25  THAT SOME COURT HASN'T RULED ON THIS IN YOUR FAVOR?

```
 1            MR. NATHAN:  I WANT TO KNOW WHY -- HOW -- IS THERE
 2   ANY COURT THAT'S EVER FOUND THAT THEY ARE NOT SUBJECT TO THE
 3   FDCPA, AND THEY CAN'T PRODUCE ANYTHING LIKE THAT.
 4            MR. CHRISTIANSEN:  YES, WE HAVE.  AND WE SUBMITTED
 5   THAT TO THE COURT.  THAT'S THE PURCO CASE OUT OF THE COLORADO
 6   COURT OF APPEALS THAT SPECIFICALLY HELD THAT UNDER THE
 7   COLORADO FAIR DEBT COLLECTION PRACTICES ACT, WHICH HAD THE
 8   EXACT SAME LANGUAGE AND THE EXACT SAME STANDARD.
 9       AND BACK TO THE ORIGINAL QUESTION THAT WAS POSED TO
10   PLAINTIFF'S COUNSEL, THERE ISN'T ANY ALLEGATION AND THERE
11   COULDN'T BE ONE MADE IN GOOD FAITH OR UNDER RULE 11 THAT
12   SOMEHOW HERTZ -- IT'S NOT HERTZ, I'M SORRY, ALAMO NATIONAL
13   DEMANDED OR REQUIRED PAYMENT AT THE END OF THE CONTRACT.  IT'S
14   SIMPLY NOT TRUE.
15       ALL OF THOSE THINGS WERE HANDLED BY PURCO.  PURCO MADE THE
16   VERY FIRST BILL, THE VERY FIRST ASSERTION OF ANY AMOUNT.  AND
17   THAT'S WHAT'S ALLEGED IN THE COMPLAINT BECAUSE THAT'S TRUE.
18            MR. NATHAN:  YOUR HONOR, MAY I JUST MENTION.  THE
19   KOENIG CASE, THE DEFENSE KEEPS MISCHARACTERIZING THAT CASE.
20       THAT WAS A CASE THAT THE COURT IN THAT CASE DID NOT HOLD
21   WHETHER OR NOT PURCO WAS SUBJECT TO THE FDCPA.  IT JUST SAID
22   IT DIDN'T NEED A LICENSE IN COLORADO.  IT DIDN'T SAY THAT
23   FDCPA APPLIES OR DOES NOT APPLY.
24       THAT CASE WAS A BIG WIN FOR CONSUMERS.  SO I DON'T
25   UNDERSTAND.  THEY KEEP CITING THIS CASE.  IT DOESN'T APPLY
```

```
 1   HERE EXCEPT TO SHOW THAT -- IT ALSO SAID THAT THEY ACTUALLY --
 2   THE FEES THEY ARE TRYING TO COLLECT IN THIS CASE THEY ARE NOT
 3   PERMITTED TO DO.  THEY ARE NOT PERMITTED TO COLLECT THOSE
 4   FEES.
 5           THE COURT:  ALL RIGHT.  TRIAL DATE, IN MY VIEW, HALF
 6   A DAY.  THIS IS A BENCH TRIAL.
 7           MR. NATHAN:  WE REQUESTED A JURY, YOUR HONOR.
 8           THE COURT:  ARE YOU ENTITLED TO A JURY?
 9           MR. NATHAN:  YEAH.  I DON'T SEE WHY WE WOULDN'T BE.
10           THE COURT:  WELL, I'M NOT GIVING YOU A LOT OF JURY
11   TIME.  THAT'S FOR SURE.
12       YOU WILL BE GIVEN A TRIAL DATE WITHIN -- I WILL GIVE YOU
13   30 DAYS' NOTICE.  I WILL SQUEEZE YOU IN SOMEWHERE.
14       YOU GET FOUR MONTHS OF DISCOVERY.  DISCOVERY CLOSES ON
15   MARCH 31ST.  IF YOU DON'T WIN ON THE 12(B)(6), I WOULD SUGGEST
16   YOU MOVE QUICKLY.
17       YOU ARE ORDERED TO OUR COURT ADR PROGRAM.  DEFAULT IS 90
18   DAYS.
19       THANK YOU.
20           MR. CHRISTIANSEN:  THANK YOU, YOUR HONOR.
21           MR. NATHAN:  THANK YOU, YOUR HONOR.
22               (PROCEEDINGS CONCLUDED AT 3:05 P.M.)
23
24
25
```

**CERTIFICATE OF REPORTER**

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

FRIDAY, JANUARY 15, 2016

\